(No. 31730.
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES DOUGLAS, Plaintiff in Error.

*Opinion filed May 24, 1951.*

JAMES DOUGLAS, *pro se.*

IVAN A. ELLIOTT, Attorney General, and GEORGE P. COUTRAKON, State's Attorney, both of Springfield, (LAWRENCE SWINYER, of Springfield, and HARRY L. PATE, of Tuscola, of counsel,) for the People.

. Mr. JUSTICE FULTON delivered the opinion of the court:

The plaintiff in error, James Douglas, hereinafter termed the defendant, was indicted in the circuit court of Sangamon County for burglary and assault with attempt to commit rape. The case was tried before a jury and the defendant found guilty of burglary. After a motion for a new trial was overruled, he was sentenced to the Illinois State Penitentiary for a minimum term of sixty years and a maximum of life.

The case is submitted to this court on the common-law record, there being no bill of exceptions filed. The errors assigned are:

(1) The court had no jurisdiction to try the defendant in the absence of an arraignment and plea. This objection is completely refuted by the common-law record, which shows clearly that the defendant was furnished with a copy of the indictment, was duly and properly arraigned and pleaded not guilty to the charges preferred against him.

(2) It is contended by defendant that, being colored, his constitutional rights were violated because he was denied the right to be tried by a mixed jury, composed of people of his own race as well as people of the white race. While the common-law record does not show any denial of such right, it is stated in the brief of defendant that there were persons of his race (colored) on the jury panel, and that two of the said jurors were rejected by the State's Attorney.

The constitution of the State of Illinois contains no provision requiring the jury selected to try a case to be of any· particular race or color. From defendant's own statement there were other colored persons on the jury panel. No challenge to the array, or objections of any kind, are contained in the common-law record preserving any such question.

(3) Finally, it is urged that defendant's constitutional rights were violated and that the court committed error

in permitting the wife of the sheriff of Sangamon County and the sheriff's former school teacher to serve on the jury before which the plaintiff was tried. There is no reference or mention made in the common-law record from which this court can determine that such individuals served on the jury. Defendant was represented by capable counsel of his own choosing and there is nothing appearing in the record to show whether any of the facts stated by defendant in above respects are true or false.

None of the errors assigned by the defendant are supported by the record, and, therefore, the judgment of the circuit court of Sangamon County is affirmed.

*Judgment affirmed.*